IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TERRI L. SMYTH-RIDING,

    Plaintiff,

    v.                           CIVIL NO.: WDQ-11-0558

SCIENCES & ENGINEERING
SERVICES, INC., et al.,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    Terri L. Smyth-Riding sued Science and Engineering Services, Inc. ("SES") and Hyo Sang Lee (collectively, the "Defendants") for employment discrimination, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII").[1] For the following reasons, the Court will grant Smyth-Riding's motion to amend the first amended complaint.

I. Background

    Smyth-Riding is a 39-year-old African-American woman. Am. Compl. ¶ 1. Lee, an Asian man, is the founder, chief executive officer, and president of SES, an engineering, research, and development corporation. Id. ¶¶ 1, 13, 23. From June 4, 2007, until January 12, 2009, Smyth-Riding worked as the director of human resources at SES. Id. ¶ 1.

---

[1] 42 U.S.C. §§ 2000e, et seq.

On March 1, 2011, Smyth-Riding filed a 12-count complaint against SES. Three counts alleged race discrimination under § 1981.[2] The remaining counts alleged race and gender discrimination, and retaliation, in violation of Title VII.[3]

On March 15, 2011, the Court granted Smyth-Riding's motion to amend the complaint to add Lee as a defendant in all counts.[4] On April 15, 2011, Lee moved to dismiss the Title VII claims against him.[5] On May 31, 2011, the Court granted Smyth-Riding's consent motion to dismiss with prejudice all Title VII claims against Lee. See ECF Nos. 18, 19.

On March 23, 2012, Smyth-Riding moved to amend the complaint a second time to add retaliation claims under § 1981 "for each of the adverse employment actions already pled." See ECF No. 33-1 at 1. She stated that she had "mistakenly" failed

---

[2] Smyth-Riding alleged that she had been denied a bonus and pay increase then fired because of her race. See Compl. ¶¶ 168-175, 192-198, 215-221 (Counts 1, 5, and 9).

[3] Smyth-Riding alleged that she had been denied a pay raise because of her race and gender (Counts 11 and 12) and in retaliation for complaining about race, gender, and age discrimination (Count 10). She alleged that she had been denied a bonus (Counts 6-8), and fired (Counts 2-4) for the same reasons.

[4] See ECF Nos. 5-7. Under Fed. R. Civ. P. 15(a), Smyth-Riding was entitled to amend her pleading "once as a matter of course within 21 days after serving it."

[5] ECF No. 11. Lee argued that Smyth-Riding had failed to administratively exhaust her remedies under Title VII, and Lee could not be personally liable for alleged violations under that statute. See ECF No. 11-1 at 1-2.

to include these claims in her complaint. *Id.* at 2. On April 6, 2012, the Defendants opposed the motion to amend.[6]

On May 11, 2012, the Court approved the parties' joint proposed schedule. ECF No. 38. Discovery is scheduled to close on September 7, 2012. *Id.*

## II. Analysis

### A. Standard of Review

The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

### B. Smyth-Riding's Motion to Amend

Smyth-Riding moves to amend the complaint to add retaliation claims under § 1981 "for each of the adverse employment actions already pled." *See* ECF No. 33-1 at 1.

---

[6] ECF No. 34. Smyth-Riding has not filed a reply to the Defendants' opposition, and the time to file a reply has passed. *See* Local Rule 105.2 (reply must be filed within 14 days after service of opposition).

The Defendants argue that the additional claims against Lee are barred by *res judicata*, and the Defendants would be prejudiced by the amendments. ECF No. 34 at 3-7.

1. *Res Judicata*

The Defendants argue that *res judicata* bars the proposed second amendment of the complaint because the Title VII retaliatory claims against Lee were dismissed with prejudice. *See* ECF No. 34 at 3-5. They contend that the proposed § 1981 retaliatory claims arise out of the same facts and, thus, are barred by the Court's dismissal order. *Id.*

"*Res judicata* or claim preclusion bars a party from suing on a claim that has already been litigated to a final judgment by that party . . . and precludes assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action."[7] "For *res judicata* to prevent a party from raising a claim, three elements must be present: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coalition*, 556 F.3d at 210 (internal quotation marks omitted).

---

[7] *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotation marks omitted). Because the Court has federal question jurisdiction, *see* 28 U.S.C. § 1331, federal, not Maryland, rules of *res judicata* apply, *see Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989) ("federal, not state, law determines the preclusive effect of a prior federal judgment").

4

"The doctrine of *res judicata* furnishes a rule for the decision of a subsequent case between the same parties or their privies respecting the same cause of action." *G. & C. Merriam Co. v. Saalfield*, 241 U.S. 22, 29 (1916). "Obviously, the rule for decision applies only when the subsequent action has been brought."[8] Smyth-Riding has not filed a subsequent action, but merely seeks to amend the complaint in the same lawsuit. *Res judicata* does not bar the proposed amendment.[9]

2. Prejudice

The Defendants also argue that they would be prejudiced by the second amendment, because "the motion has been unduly delayed." ECF No. 34 at 5. They contend that the motion to amend "is a backdoor attempt to include claims that [Smyth-Riding] could have pled back in March 2011," and "opens the door to uncapped compensatory damages as well as potential punitive

---

[8] *See G. & C. Merriam Co.*, 241 U.S. at 29. *See also Babb v. U.S. Drug Enforcement Agency*, 146 F. App'x 614, 622 (4th Cir. 2005) ("Because we view the district court's . . . order as having been entered in an earlier stage of *this* litigation, not in a prior separate action, we find that the mandate rule and the doctrine of waiver fit better analytically than *res judicata*.") (emphasis in original).

[9] *See G. & C. Merriam Co.*, 241 U.S. at 29; *Babb*, 146 F. App'x at 622. Without elaboration, the Defendants argue that "Lee has also shown that the additional counts would fail to survive a motion to dismiss under Fed. R. Civ. P. 12(b)." ECF No. 34. To the extent that the Defendants rely on Lee's April 15, 2011 motion to dismiss, that motion addressed only claims under Title VII, not § 1981. Thus, Lee has not shown that additional § 1981 claims would be dismissed for failure to state a claim.

damages." *Id.* at 6-7.

The Defendants have not shown cause to deny Smyth-Riding's motion to amend. Although the motion was filed more than a year after the initial complaint, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The Defendants have not alleged bad faith, nor have they shown futility[10] or prejudice. *See id.*

"Whether an amendment would be prejudicial is a factual determination." *Equal Rights Ctr. v. Archstone Smith Trust*, 603 F. Supp. 2d 814, 818 (D. Md. 2009). Prejudice may exist when the amended complaint would "change the character of the litigation,"[11] or "shift the theory of the case" to require a defendant to "engage in costly additional discovery."[12] But "an amendment that simply adds an additional theory of recovery based on the same set of alleged facts offered before discovery has begun is not prejudicial." *Equal Rights Ctr.*, 603 F. Supp. 2d at 818. Here, the proposed new theories of recovery relate to facts already pled, and discovery is not set to close until September 7, 2012. *See* ECF No. 38.

---

[10] *See supra* note 9.

[11] *Equal Rights Ctr.*, 603 F. Supp. 2d at 818.

[12] *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009).

Because the Defendants have not shown that *res judicata* applies or prejudice would result, the Court will grant Smyth-Riding's motion to amend the first amended complaint.

III. Conclusion

For the reasons stated above, the Court will grant Smyth-Riding's motion to amend the first amended complaint.

7/25/12
Date

William D. Quarles, Jr.
United States District Judge